IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE M. LOWMASTER, a/k/a "Beaver," GERALD G. LOWMASTER, a/k/a "Jerry," MARGUERITE G. LOWMASTER, a/k/a "Dolly," JUDY A. BENDER, MATTHEW C. BOPP, BONNIE L. CHAPMAN, CORY L. GILES, TIMOTHY S. GOLBY, THOMAS HOLKO, KELLEY S. JOHNS, GERALD F. KNEE, ROBERT J. PATERNO, PAUL X. STRITTMATTER, a/k/a "The Apostle," DONALD J. WEAKLAND, JR., and LORI A. WEAVER | Criminal No. 11-22 J<br><br>[18 U.S.C. § 1956(h), 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), and 846 and 18 U.S.C. § 2] |

## INDICTMENT

The grand jury charges:

From in or around March 2009 to on or about May 9, 2011, in the Western District of Pennsylvania and elsewhere, the defendants, GEORGE M. LOWMASTER, a/k/a "Beaver," GERALD G. LOWMASTER, a/k/a "Jerry," MARGUERITE G. LOWMASTER, a/k/a "Dolly," BONNIE L. CHAPMAN, CORY L. GILES, PAUL X. STRITTMATTER, a/k/a "The Apostle," and other persons both known and unknown to the grand jury, did knowingly, intentionally and unlawfully conspire, confederate and agree together and with one another to distribute and possess with the intent to distribute one hundred (100) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, contrary to

the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii).

In violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## COUNT TWO

The grand jury further charges:

From in or around July 2008 to on or about May 9, 2011, in the Western District of Pennsylvania and elsewhere, the defendants, GEORGE M. LOWMASTER, a/k/a "Beaver," THOMAS HOLKO, PAUL X. STRITTMATTER, a/k/a "The Apostle," and other persons both known and unknown to the grand jury, did knowingly, intentionally and unlawfully conspire, confederate and agree together and with one another to distribute and possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II).

In violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## COUNT THREE

The grand jury further charges:

From on or about September 30, 2010, to on or about May 9, 2011, in the Western District of Pennsylvania, the defendants, GEORGE M. LOWMASTER, a/k/a "Beaver," JUDY A. BENDER, GERALD F. KNEE, PAUL X. STRITTMATTER, a/k/a "The Apostle," DONALD J. WEAKLAND, JR., and other persons both known and unknown to the grand jury, did knowingly, intentionally and unlawfully conspire, confederate and agree together and with one another to manufacture and to possess with the intent to distribute one thousand (1,000) or more marijuana plants, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vii).

In violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

COUNT FOUR

The grand jury further charges:

From in or around March 2008, to on or about May 9, 2011, in the Western District of Pennsylvania and elsewhere, the defendants, GEORGE M. LOWMASTER, a/k/a "Beaver," GERALD G. LOWMASTER, a/k/a "Jerry," TIMOTHY S. GOLBY, ROBERT J. PATERNO, and other persons both known and unknown to the grand jury, did knowingly combine, conspire and agree together and with one another to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, conspiracy to manufacture, distribute, and possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, with intent to promote the carrying on of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to manufacture, distribute and possess with the

intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### Manner and Means of the Conspiracy

It was part of the conspiracy that, in connection with conduct set forth in Counts One, Two, Three, Five, Six, Seven, Eight, Nine and Ten, all of which is incorporated herein by reference, the defendant, GEORGE M. LOWMASTER, a/k/a "Beaver," and other members of the conspiracy obtained proceeds of said conduct.

It was further a part of the conspiracy that in order to further promote the conduct set forth in Counts One, Two, Three, Five, Six, Seven, Eight, Nine and Ten, and to disguise the nature, location, source, ownership, and control of said proceeds, the defendant, GEORGE M. LOWMASTER, a/k/a "Beaver," and other members of the conspiracy engaged in financial transactions affecting interstate and foreign commerce, including but not limited to the following:

(a) delivery, packaging and sending via express mail packages of illegally obtained proceeds to a marijuana supplier in Oregon to purchase additional marijuana to be sold;

(b) exchanging at various financial institutions illegally obtained proceeds in $5, $10 and $20 denominations for $100 bills;

(c) purchasing various assets, including vehicles and real property, with illegally obtained proceeds and titling said assets in nominee names;

(d) purchasing money orders and pre-paid debit cards with illegally obtained proceeds and using said money orders and debit cards to purchase supplies and fixtures, and to pay for the remodeling of Jerry's Tavern; and

(e) delivering illegally obtained proceeds for storage and safekeeping until said proceeds were needed and used to purchase additional controlled substances and assets.

In violation of Title 18, United States Code, Sections 1956(h) and 2.

## COUNT FIVE

The grand jury further charges:

From in or around July 2008 to on or about May 9, 2011, in the Western District of Pennsylvania and elsewhere, the defendants, GEORGE M. LOWMASTER, a/k/a "Beaver," MATTHEW C. BOPP, KELLEY S. JOHNS, LORI A. WEAVER, and other persons both known and unknown to the grand jury, did knowingly, intentionally and unlawfully conspire, confederate and agree together and with one another to distribute and possess with the intent to distribute a quantity of oxycodone, a Schedule II controlled substance, and a quantity of methadone, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

In violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## COUNT SIX

The grand jury further charges:

On or about July 23, 2008, in the Western District of Pennsylvania, the defendant, GEORGE M. LOWMASTER, a/k/a "Beaver," did knowingly, intentionally, and unlawfully distribute less than five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN

The grand jury further charges:

On or about October 17, 2009, in the Western District of Pennsylvania, the defendant, GEORGE M. LOWMASTER, a/k/a "Beaver," did knowingly, intentionally, and unlawfully distribute less than fifty (50) kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## COUNT EIGHT

The grand jury further charges:

On or about August 21, 2010, in the Western District of Pennsylvania, the defendant, GEORGE M. LOWMASTER, a/k/a "Beaver," did knowingly, intentionally, and unlawfully distribute less than five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT NINE

The grand jury further charges:

On or about September 30, 2010, in the Western District of Pennsylvania, the defendant, GEORGE M. LOWMASTER, a/k/a "Beaver," did knowingly, intentionally, and unlawfully distribute less than five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TEN

The grand jury further charges:

On or about October 23, 2010, in the Western District of Pennsylvania, the defendant, GEORGE M. LOWMASTER, a/k/a "Beaver," did knowingly, intentionally, and unlawfully distribute less than five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## FORFEITURE ALLEGATIONS

1. The grand jury realleges and incorporates by reference the allegations contained in Counts One through Ten of this Indictment for the purpose of alleging criminal forfeitures pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2) and 853(p), and Title 18, United States Code, Sections 982(a)(1) and Section 982(b)(1).

2. Pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), upon conviction of the offenses in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), and 846, the defendants, GEORGE M. LOWMASTER, a/k/a "Beaver," GERALD G. LOWMASTER, a/k/a "Jerry," MARGUERITE G. LOWMASTER, a/k/a "Dolly," JUDY A. BENDER, MATTHEW C. BOPP, BONNIE L. CHAPMAN, CORY L. GILES, TIMOTHY S. GOLBY, THOMAS HOLKO, KELLEY S. JOHNS, GERALD F. KNEE, ROBERT J. PATERNO, PAUL X. STRITTMATTER, a/k/a "The Apostle," DONALD J. WEAKLAND, JR., and LORI A. WEAVER shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the property that is the subject of the civil forfeiture actions at Civil Action numbers 11-126-J and 11-136-J in the United States District Court for the Western District of Pennsylvania.

3. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h), the defendants, GEORGE M. LOWMASTER, a/k/a "Beaver," GERALD G. LOWMASTER, a/k/a "Jerry," MARGUERITE G. LOWMASTER, a/k/a "Dolly," JUDY A. BENDER, MATTHEW C. BOPP, BONNIE L. CHAPMAN, CORY L. GILES, TIMOTHY S. GOLBY, THOMAS HOLKO, KELLEY S. JOHNS, GERALD F. KNEE, ROBERT J. PATERNO, PAUL X. STRITTMATTER, a/k/a "The Apostle," DONALD J. WEAKLAND, JR., and LORI A. WEAVER shall forfeit to the United States of America any property involved in such offense and any property traceable to such property.

4. If through any act or omission by the defendants, GEORGE M. LOWMASTER, a/k/a "Beaver," GERALD G. LOWMASTER, a/k/a "Jerry," MARGUERITE G. LOWMASTER, a/k/a "Dolly," JUDY A. BENDER, MATTHEW C. BOPP, BONNIE L. CHAPMAN, CORY L. GILES, TIMOTHY S. GOLBY, THOMAS HOLKO, KELLEY S. JOHNS, GERALD F. KNEE, ROBERT J. PATERNO, PAUL X. STRITTMATTER, a/k/a "The Apostle," DONALD J. WEAKLAND, JR., and LORI A. WEAVER any or all of the property described in paragraphs 2 and 3 above (hereinafter the "Subject Property")

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred, sold to, or deposited with a third person;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant(s) up to the value of the Subject Property forfeitable above pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b)(1).

_____
DAVID J. HICKTON
United States Attorney
Pa. ID No. 34524

A TRUE BILL,

_____
FOREPERSON